ALPHONSE OULMAN, RESPONDENT, v. GEORGE SCHMIDT, APPELLANT.

*Practice in Justices' Court — when the plaintiff cannot recover without proving his claim — 1881, chap. 414 — Code of Civil Procedure, sec. 2891.*

In this action, which was commenced in a justice's court by the service of a summons and a verified complaint, as provided by chapter 414 of 1881, a demurrer interposed by the defendant was overruled with leave to him to answer. The defendant having failed to answer, judgment was entered for the plaintiff for the full amount claimed in the complaint, without any proof thereof being furnished *Held*, that this was error; that the act of 1881 only authorizes the entry of a judgment without proof, 'when the defendant fails to answer or demur. When he does either, section 2891 of the Code of Civil Procedure becomes applicable and prevents the plaintiff from recovering without proving his case.

APPEAL from a judgment of the County Court of Kings county, entered upon an order affirming a judgment in favor of the plaintiff, rendered by a justice of the peace of the city of Brooklyn.

*John Hess*, for the appellant.

*Charles. L. Brower*, for the respondent.

PRATT, J.:

This action was commenced in a justice's court by the service upon the defendant of a summons and a sworn complaint. The

defendant demurred to the complaint upon the ground that two causes of action were improperly joined. The justice overruled the demurrer with leave to the defendant to answer. The defendant failed to answer and the justice without any proof as to the plaintiff's claim rendered judgment against the defendant for the full amount claimed in the complaint. The County Court affirmed the judgment. Section 2891 of the Code provides as follows : " If a defendant fails to appear and answer, the plaintiff cannot recover without proving his case." By chapter 414, Laws of 1881, it is provided, that the plaintiff may make a written complaint setting forth his cause of action, which being verified may be served with the summons upon the defendant.

Section 3 provides that in case the defendant fails to answer or demur to said complaint, he shall be deemed to have admitted the allegations of the complaint as true, and the court shall upon due proof of service thereof enter judgment for the plaintiff and against the defendant for the amount demanded in such complaint without further proof.

Section 2891 of the Code is not repealed by the act of 1881, and must be read in connection with section 3 of the act above quoted, and such construction given to them that both may stand if that be possible.

Under the Code the plaintiff could not take judgment in any case without proving his case. This rule is now so far modified that in certain actions, if a sworn complaint is served upon the defendant, the plaintiff may take judgment without further proof, provided the defendant fails to answer or demur, but if he does either then the case is governed by the Code, the plaintiff must prove his claim. It is true that a demurrer admits all the allegations of the complaint to be true, and it may be said that proof in such cases is not required. The answer to this is, that it is entirely within the power of the legislature to prescribe any practice they choose. It has been said that the plaintiff must prove his claim in all cases except those stated in the act of 1881. If the defendant answer, the claim must be proven. The justice therefore had no power to enter judgment in this case without proof, and the judgment of the justice must be reversed for this reason. But there is still another fatal objection. The cause of actions was not one described in chapter 414, Laws of 1881,

as it was not solely a cause of action "arising on contract for the recovery of money only or on an account." It was not a case falling directly within the Code before referred to.

The judgment must be reversed, with costs.

DYKMAN, J., concurred ; BARNARD, P. J., for affirmance.

Judgment of County Court and that of justice reversed, with costs.